IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| MARIANA CARDOSO, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. _____ ) ) |
| WHIRLPOOL CORPORATION, | ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant Whirlpool Corporation ("Whirlpool") hereby removes this putative class action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and because the amount in controversy well exceeds $5 million, exclusive of interests and costs. See 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1), and all other procedural requirements have been satisfied.

**I.    Overview of Claims Asserted and Relief Sought**

Plaintiff Mariana Cardoso has filed a class action complaint against Whirlpool. The Complaint asserts that the whirlpool.com website uses "session replay" software to observe how users interact with the website. Plaintiff alleges that this conduct

violates the Florida Security of Communications Act, Fla. Stat. § 934.01 *et seq.* ("FSCA").

Plaintiff requests several forms of relief, including actual, liquidated, and/or punitive damages, declaratory and injunctive relief, and attorneys' fees and costs. Compl. *ad damnum clause.*

The putative class is defined as follows: "[a]ll persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent." *Id.* ¶ 20.

## II. Papers From Removed Action

Pursuant to 28 U.S.C. § 1446(a), Whirlpool attaches to this Notice of Removal a Copy of all process, pleadings and orders served upon Whirlpool in the state court action. *See* Ex. A.

## III. Venue is Proper

Venue is proper in this Court because the action is being removed from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, which is within the Southern District of Florida, Fort Lauderdale Division.

## IV. Jurisdiction Exists under CAFA

The Court has jurisdiction under CAFA, and removal is therefore proper, because this is a purported "class action" (id. at ¶¶ 20–29) in which (a) minimal diversity exists, and (b) the amount in controversy exceeds $5 million. See 28 U.S.C. §§ 1332(d)(1)(B); 1332(d)(2); 1446; 1453.

### A.     Minimal Diversity Exists

Minimal diversity exists under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). A corporation is a citizen of both the state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff is a citizen of Florida. *See* Compl. ¶ 5. Whirlpool Corporation is, as the Complaint recognizes, a Delaware entity with its principal place of business in Michigan. *Id.* at ¶ 6. Accordingly, minimal diversity exists. 28 U.S.C. § 1332(c)(1), (d)(2).

### B.     The Amount in Controversy Well Exceeds $5,000,000

CAFA's amount in controversy requirement is satisfied because the aggregate amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). The Complaint contends that "session replay" technology was used in violation of the FSCA for every individual who visited the whirlpool.com website. Compl. ¶¶ 1, 2, 36. According to Whirlpool's records, there were well over 5,000 unique visitors to the Whirlpool.com website from the state of Florida in the two years preceding the filing of the Complaint. Affidavit of Deepak Mehta, Ex. B, ¶ 4; *see, e.g. S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (noting that "[w]here the plaintiff has not alleged a specific amount of damages, the defendant seeking removal" may "put forward" evidence to carry its burden of establishing the jurisdictional minimum); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (observing that "defendants may

submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "their own affidavits, declarations, or other documentation"); *see also* Fla. Stat. § 934.10(3).

Considering that the FSCA allows affected individuals to recover "actual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher" and also authorizes the recovery of attorneys' fees and costs, Fla. Stat. §§ 934.10(1)(b), (d), the amount-in-controversy requirement is clearly satisfied here (*e.g.*, 5,001 visitors x $1,000 minimum recovery = $5,001,000, exclusive of attorneys' fees). *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *cf. Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## V.   The Procedural Requirements for Removal Have Been Satisfied

A notice of removal must be filed within 30 days of service, where removal is based on the face of the complaint. 28 U.S.C. § 1446(b).  Here, Whirlpool was served on March 12, 2021.  *See* Summons Returned Served, Ex. C.  As such, Whirlpool's removal is timely.  Moreover, contemporaneously with the filing of this Notice, Whirlpool is filing this Notice, along with a Notice of Filing Notice of Removal, attached hereto as Exhibit D.  Whirlpool is also today serving those filings on all parties.  *See* 28 U.S.C. § 1446(d).

WHEREFORE, Whirlpool hereby removes the above-captioned action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County and requests that further proceedings be conducted in this Court.

> Respectfully submitted,
>
> **s/ Jennifer A. McLoone**
> Alfred J. Saikali (Fla. Bar No. 178195)
> E-Mail: asaikali@shb.com
> Jennifer A. McLoone (Fla. Bar No. 029234)
> E-Mail: jmcloone@shb.com
> **SHOOK, HARDY & BACON L.L.P.**
> Citigroup Center, Suite 3200
> 201 S. Biscayne Blvd.
> Miami, Florida 33131
> Telephone: 305.358.5171
>
> Attorneys for Defendant, Whirlpool Corporation

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct filed copy of the foregoing has been served by e-mail this 9th day April 2021 on all parties on the attached service list.

> By: s/ Jennifer A. McLoone
>      Jennifer A. McLoone

## SERVICE LIST

Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
gberg@shamisgentile.com
Shamis & Gentil, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
(305) 479-2299

Manuel Hiraldo, Esq.
MHiraldo@Hiraldolaw.com
Hiraldo P.A.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
(954) 400-4713

Scott Edelsberg, Esq.
scott@edelsberglaw.com
Christopher Gold, Esq.
chris@edelsberglaw.com
Edelsberg Law, PA
20900 NW 30th Ave., Suite 417
Aventura, FL 33180
(786) 673-2405