IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| MARIANA CARDOSO, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) The Honorable William P. Dimitrouleas ) |
| v. | ) CASE NO. 21-6078-CIV ) |
| WHIRLPOOL CORPORATION, | ) ) |
| Defendant. | ) ) |

## DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER

Defendant Whirlpool Corporation ("Whirlpool"), by and through undersigned counsel, responds to this Court's Order to Show Cause Why This Case Should Not Be Remanded for Lack of Article III Standing (the "Show Cause Order") as follows:

This action is one of approximately 19 cases pending in this and other District courts throughout Florida asserting a civil cause of action for a purported violation of Florida's Security of Communications Act, Fla. Stat. § 934.01 *et seq.* ("FSCA"), based on an entity's use of session replay software on its website.[1] Although Whirlpool

---

[1] *Goldstein v. Fandango Media LLC,* Case No. 9:21-cv-80466-RAR (S.D. Fla. 2021); *Holden v. Banana Republic, LLC,* Case No. 3:21-cv-00268-BJD-JRK (M.D. Fla. 2021); *Holden v. Old Navy, LLC,* Case No. 3:21-cv-00270-BJD-PBD (M.D. Fla. 2021); *Goldstein v. Luxottica of Am. Inc.,* Case No. 9:21-CV-80546-AMC (S.D. Fla. 2021); *Goldstein v. T-Mobile USA Inc.,* Case No. 9:21-CV-80545-JIC (S.D. Fla. 2021); *Holden v. NortonLifeLock Inc.,* Case No. 3:21-CV-00279-BJD-JRK (M.D. Fla. 2021); *Holden v. Fossil Grp., Inc.,* Case No. 3:21-cv-00300-TJC-JBT (M.D. Fla. 2021); *Vicario v. Neiman Marcus Grp., LLC,* Case No. 1:21-CV-21065-RNS (S.D. Fla. 2021); *Liberto v. The GAP Inc.,* Case No. 3:21-cv-00510-MCR-HTC (N.D. Fla. 2021); *Harris v. Edward D. Jones and Co.,* Case No. 3:21-cv-00330-BJD-JBT (M.D. Fla. 2021); *Zarnesky v. Frontier Airlines Inc.,* Case No. 6:21-cv-00536-WWB-DCI (M.D. Fla. 2021); *Goldstein v. Costco Wholesale Corp.,* Case No. 9:21-cv-80601-RAR (S.D. Fla. 2021); *Liberto v. Dillard's, Inc.,* Case No. 3:21-cv-00517-MCR-EMT (N.D. Fla. 2021); *Vicario v. Disney Store USA, LLC,* Case No. 1:21-cv-21134-UU (S.D. Fla. 2021); *Zarnesky v. Adidas*

denies that the FSCA applies to the conduct at issue in this lawsuit and denies that Plaintiff states a claim under the FSCA, Plaintiff has standing to proceed in federal court for any such purported violation.[2]

As a preliminary matter, following the Court's Show Cause Order, Plaintiff filed a First Amended Complaint. (ECF No. 4, "First Am. Compl.") Given that the First Amended Complaint is now the operative complaint, Whirlpool responds to the Show Cause Order referencing the allegations in the First Amended Complaint. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (noting that because "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case," the court must look to the allegations of the amended complaint in determining whether remand is appropriate); *Mittenthal v. Fla. Panthers Hockey Club, Ltd.* 472 F. Supp. 3d 1211, 1220 (S.D. Fla. 2020) ("[A] federal court's jurisdiction arises, if at all, from the allegations of the 'operative' pleading."); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

The First Amended Complaint pleads that the FSCA creates a substantive legal privacy right, which Whirlpool allegedly violated when it purportedly

---

*Am. Inc.,* Case No. 6:21-cv-00540-GAP-GJK (M.D. Fla. 2021); *Londers v. Intel Corp.,* Case No. 5:21-cv-00182-JSM-PRL (M.D. Fla. 2021); *Benstine v. Lumen Techs., Inc.,* Case No. 2:21-cv-00275-JLB-NPM (M.D. Fla 2021); *Leace v. General Motors, LLC,* Case No. 0:21-cv-60721-RAR (S.D. Fla. 2021); *Makkinje v. AthenaHealth, Inc.,* Case No. 8:21-cv-00861-MSS-TGW (M.D. Fla. 2021)

[2] Whirlpool files this Response consistent with the Court's Show Cause Order and in doing so, does not intend to waive, and instead expressly reserves, all defenses otherwise available to it.

-2-
Shook, Hardy & Bacon L.L.P.
Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4825-3200-5862 v7

intercepted Plaintiff's electronic communications without consent and for financial gain. Whirlpool's alleged violations of the FSCA are alleged to have "caused Plaintiff and the Class members harm, including violations of their substantive legal privacy rights under the FSCA, invasion of privacy, invasion of their rights to control information concerning their person, and/or the exposure of their private information." (First Am. Compl. ¶ 58.) More specifically, Whirlpool's alleged conduct allegedly "caused harm and a material risk of harm to Plaintiff's and the Class Members' privacy and interest in controlling their personal information, habits, and preferences." (*Id.*; *see also id.* ¶ 36 ("[T]he data collected by Defendant . . . revealed personalized and sensitive information about Plaintiff's Internet activity.") Indeed, Plaintiff claims that when session replay technology is used, it is "as if someone is looking over a Class members' shoulder when visiting Defendant's website." (*Id.* ¶ 8.) To compensate her for these injuries, Plaintiff prays for, *inter alia*, "[a]n award of actual damages." (*Id. ad damnum clause* ¶ (d).)

Thus, Plaintiff alleges a violation of what she claims is a substantive privacy right conferred by the FSCA, and that the resulting invasion of her privacy is what the FSCA was enacted to prevent. *See* Fla. Stat. § 934.01(4) (noting that the FSCA aims "[t]o safeguard the privacy of innocent persons"). She seeks actual damages resulting therefrom in an amount not less than the statutory damages provided for in the FSCA.[3] Such allegations are sufficient to confer standing. *Cf. Zia v.*

---

[3] As Whirlpool reads the statute, pleading and proof of actual damages are necessary pre-conditions to an award of statutory damages. Fla. Stat. § 934.10(1)(b).

-3-
Shook, Hardy & Bacon L.L.P.
Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | t 305.358.5171

4825-3200-5862 v7

*CitiMortgage Inc.*, 210 F. Supp. 3d 1334 (S.D. Fla. 2016) (finding lack of standing where plaintiff sought only statutory and not actual damages under FACTA). This is particularly true where Plaintiff here alleges that Whirlpool used the intercepted information, allegedly obtained without consent, for financial gain. *See Havana Docks Corporation v. MCS Cruises SA Co.*, 484 F. 3d 1177 (S.D. Fla. 2020) (finding that "the allegations of profiting from the use of property that was expropriated without obtaining consent or paying adequate compensation to the original owner is sufficient concrete harm for standing purposes").

Indeed, while the Eleventh Circuit has not squarely addressed the question of standing under the FSCA,[4] federal courts around the country have found standing under the federal Wiretap Act, 18 U.S.C. § 2501 *et seq.*, after which the FSCA was modeled. *See, e.g.*, *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 274 (3d Cir. 2016) (finding standing to adjudicate federal Wiretap Act claims based on allegations that the statute was violated[5]); *In re Google LLC St. View Elec. Commc'ns Litig.*, No.

---

[4] The Eleventh Circuit does not appear to have addressed the issue of injury-in-fact under the FSCA, but it has resolved the appeals of FSCA cases involving allegations of harm similar to (or less robust than) those made here without finding standing to be a jurisdictional hurdle. *See, e.g.*, *McDonough v. Fernandez-Rundle*, 862 F.3d 1314, 1320 (11th Cir. 2017); *Stallely v. ADS All. Data Sys., Inc.*, 602 F. App'x 732, 734 (11th Cir. 2015); *Royal Health Care Servs., Inc. v. Jefferson-Pilot Life Ins. Co.*, 924 F.2d 215, 218 (11th Cir. 1991). It appears that no district court proceeding over an FSCA case involving session replay technology has dismissed or remanded the case for lack of standing or issued a similar show cause order.

[5] Decisions interpreting the federal Wiretap Act are persuasive authority for courts interpreting the FSCA. *Minotty v. Baudo*, 42 So. 3d 824, 831 (Fla. 4th DCA 2010); *O'Brien v. O'Brien*, 899 So. 2d 1133, 1136 (Fla. 5th DCA 2005); *Stalley v. ADS All. Data Sys., Inc.*, 997 F. Supp. 2d 1259, 1270 (M.D. Fla. 2014), *aff'd sub nom.*, *Stallely v. ADS All. Data Sys., Inc.*, 602 F. App'x 732 (11th Cir. 2015).

-4-
Shook, Hardy & Bacon L.L.P.
Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | t 305.358.5171

4825-3200-5862 v7

10-MD-02184-CRB, --- F. Supp. 3d ---, 2020 WL 1288377, at *2-4 (N.D. Cal. Mar. 18, 2020) (concluding that violations of the Wiretap Act "cause concrete and particularized harms that give rise to Article III standing"); *In re Facebook Internet Tracking Litigation*, 263 F. Supp. 3d 836, 842 (N.D. Cal. 2017) (same); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *11 (N.D. Cal. Sept. 23, 2016) ("Plaintiff asserts that Google intercepted, scanned, and analyzed Plaintiff's communications in violation of the Wiretap Act and CIPA. . . . [S]uch unauthorized interception of communications may give rise to a legally cognizable injury.").

The Eleventh Circuit's opinion in *Salcedo v. Hanna*, 936 F.3d 1162, 1167 (11th Cir. 2019), does not counsel a different result. Not only did that TCPA case involve the transmission of a single text message, the complaint at issue contained no claim for actual damages. As the Court put it: "Simply sending one text message to a private cell phone is not closely related to the severe kinds of actively intermeddling intrusions that the traditional tort contemplates. Salcedo's reasoning would equate opening your private mail—a serious intrusion indeed—with mailing you a postcard." *Id.* at 1171. Here, in contrast, the First Amended Complaint alleges that the session replay technology intrudes upon privacy because it allows Whirlpool to essentially "look[] over a Class members' [sic] shoulder when visiting Defendant's website." (First Am. Compl. ¶ 8.) Whirlpool adamantly denies the veracity of these allegations. The allegations are, however, sufficient to confer standing on Plaintiff to proceed in federal court.[6] *See Avedyan v. CMR Contr. Roofing LLC*, No. 20-81362-CIV, 2020

---

[6] A finding that this Court has jurisdiction to adjudicate Plaintiff's FSCA claims does not, of course, dictate against a dismissal on the merits. *See Wooden v. Bd. of Regents*

-5-
Shook, Hardy & Bacon L.L.P.
Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | t 305.358.5171

4825-3200-5862 v7

U.S. Dist. LEXIS 221149, at *5 (S.D. Fla. Nov. 24, 2020) (Dimitrouleas, J.) ("Courts look to the substance of a complaint's allegations to determine the existence of standing arising from a concrete injury.").[7]  Accordingly, this Court has subject matter jurisdiction, and the case should not be remanded.

Respectfully submitted,

**s/ Jennifer A. McLoone**
Alfred J. Saikali (Fla. Bar No. 178195)
E-Mail: asaikali@shb.com
Jennifer A. McLoone (Fla. Bar No. 029234)
E-Mail: jmcloone@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Citigroup Center, Suite 3200
201 S. Biscayne Blvd.
Miami, Florida 33131
Telephone:  305.358.5171

*Attorneys for Defendant, Whirlpool Corporation*

---

*of Univ. Sys. of Ga.*, 247 F.3d 1262, 1280 (11th Cir. 2001) ("A finding that plaintiff has standing simply means that the plaintiff is entitled to 'walk through the courthouse door' and raise his grievance before a federal court; it is a threshold determination that is conceptually distinct from whether the plaintiff is entitled to prevail on the merits."); *see also In re Nickelodeon*, 827 F.3d at 274-76 (finding standing to adjudicate Federal Wiretap Act claim but affirming dismissal under Rule 12(b)(6)).

[7] In *Avedyan*, like in *Salcedo*, the complaint alleged only that the plaintiff had "received a single unsolicited text message from Defendant" in violation of the TCPA. *Avedyan*, 2020 U.S. Dist. LEXIS 221149, at *6.  As such, this Court followed *Salcedo* and concluded that the complaint failed to satisfy Article III.  *Id.*

-6-
Shook, Hardy & Bacon L.L.P.
Citigroup Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171

4825-3200-5862 v7