UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-CV-60784-WPD

MARIANA CARDOSO, *individually and
on behalf of all others similarly situated*,

CLASS ACTION

Plaintiff,

JURY TRIAL DEMANDED

v.

WHIRPOOL CORPORATION,

Defendant.

_____/

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Mariana Cardoso hereby respectfully submits a brief response to this Court's Order to

Show Cause why This Case Should not be Remanded for Lack of Article III Standing, [DE 3].

Although not requested by the Court, Plaintiff would like an opportunity to be heard on why she and

the Class members satisfy the constraints of Article III standing.  In support, Plaintiff states as follows:

> ### A.  *The FSCA Confers a Privacy Right the Violation of Which Supports Finding a Concrete Injury in Fact.*

The Florida Security of Communications Act, Fla. Stat. § 934.01 *et seq.*, was enacted to

protect the privacy of electronic communications, including "communications using new

technologies, such as cellular phones, voice mail, and computer-to-computer data transfer." *1988*

*Summary of General Legislation*, available at FlSumGenLeg1988.pdf (fsu.edu) (last accessed Mar. 3,

2021); Fla. Stat. § 934.01(2) (legislative findings discussing the protection of privacy); Fla. Stat.

§§ 934.03(1)(a) and 934.02(12) (making it a violation to intercept "electronic communications"

which are defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of

any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects intrastate, interstate, or foreign commerce….").

The FSCA was modeled after the federal Wiretap Act and amended in 1988 to extend the protection afforded consumers to electronic communications consistent with a 1986 amendment to the Wiretap Act.   The Wiretap Act "was intended to afford privacy protection to electronic communications."   *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 874 (9th Cir. 2002); *see also DirecTV, Inc. v. Webb*, 545 F.3d 837, 850 (9th Cir. 2008) (stating that the Wiretap Act's "emphasis on privacy is evident in both the legislative history of the Wiretap Act and in the breadth of its prohibitions").

The privacy rights elevated by the Florida legislature[1] when it enacted the FSCA bear a close relationship to the common law torts of invasion of privacy and intrusion upon seclusion.  Thus, because the common law recognized similar harms to those arising under the FSCA, this factor supports finding a concrete injury in fact.  Invasion of privacy and intrusion upon seclusion are well-established and actionable rights under common law.  *See* Restatement (Second) of Torts §§ 652A-I (noting that the right to privacy was first accepted by an American court in 1905, and "a right to privacy is now recognized in the great majority of the American jurisdictions that have considered the question"); *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 493-94 (1975) (discussing the "developing law surrounding the tort of invasion of privacy"); *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 812 (9th Cir. 2002) (analyzing Arizona's tort of intrusion upon seclusion, a variation on invasion of

---

[1] As held by Ninth Circuit, "state law can create interests that support standing in federal courts" and "[s]tate statutes constitute state law that can create such interests." *Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir. 2001). As the Ninth Circuit has explained, state law must be able to support Article III standing, or else "there would not be Article III standing in most diversity cases, including run-of-the-mill contract and property disputes." *Id.*

privacy); *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286-87, 97 Cal. Rptr. 3d 274, 211 P.3d 1063 (2009) (discussing a privacy violation based on California's common law tort of intrusion).

More specifically, courts have held that the unauthorized interception of an individual's communications, including electronic communications, is sufficient to state a claim for common law invasion of privacy and/or intrusion upon seclusion.  *See, e.g., Arrington v. Colortyme, Inc.*, 972 F. Supp. 2d 733, 746-47 (W.D. Pa. 2013) (denying motion to dismiss state law invasion of privacy claim based on electronic surveillance of plaintiff's computer activity); *Vernars v. Young*, 539 F.2d 966, 969 (3d Cir. 1976) (finding that plaintiff stated a claim for common law invasion of privacy when "the defendant is accused of opening plaintiff's private mail and reading it without authority"); *Quigley v. Rosenthal*, 327 F.3d 1044, 1073 (10th Cir. 2003) (noting that, under Colorado law, "it is clear that the interception of the Quigleys' telephone conversations would constitute an intentional intrusion on the Quigleys' seclusion or solitude"); *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973) (noting that eavesdropping was an indictable offense at common law, and recognizing an invasion of privacy cause of action based on a wiretap of plaintiff's telephone); *Cruikshank v. United States*, 431 F. Supp. 1355, 1360 (D. Haw. 1977) (finding that plaintiff stated a claim for intentional invasion of privacy based on government agents' opening and photographing of plaintiff's mail).

In *Muransky v. Godiva Chocolatier, Inc.*, the Eleventh Circuit reiterated that a plaintiff has standing where "the statutory violation at issue led to a type of harm that has historically been recognized as actionable."  979 F.3d 917, 926 (11th Cir. 2020).  As an example, the Eleventh Circuit discussed *Perry v. CNN, Inc.*, 854 F.3d 1336 (11th Cir. 2017), which involved a violation of the Video Privacy Protection Act, noting that a violation of a consumer's rights under that statute "could constitute a concrete injury because it was analogous to torts that were well-established in American courts— namely, invasion of privacy and intrusion upon seclusion."  *Id*.  The Eleventh Circuit also discussed

3

*Pedro v. Equifax, Inc.*, 868 F.3d 1275 (11th Cir. 2017), where it "reached a similar conclusion when we held that an agency's violation of the Fair Credit Reporting Act—offering an allegedly inaccurate statement in a plaintiff's credit report—was analogous to the longstanding tort for publication of defamatory material." *Id.*  Thus, under Eleventh Circuit precedent, to demonstrate Article III standing in a case involving a violation of a statutory right, a plaintiff need only show "that the violation bears 'a 'close relationship' to a traditionally redressable harm.'" *Id.* (quoting *Salcedo v. Hanna*, 936 F.3d 1162, 1168 (11th Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016))).

Similarly, in *Cordoba v. DIRECTV, LLC*, a matter arising under the Telephone Consumer Protection Act, the Eleventh Circuit found that the plaintiff had demonstrated standing by virtue of receiving an unsolicited telephone call – and nothing more – because "Congress focused on precisely this kind of harm when it passed the TCPA….Congress identified telemarketing as a potentially 'intrusive invasion of privacy,' suggesting to us that Congress considered the receipt of an unwanted telemarketing call to be a real injury." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1268 (11th Cir. 2019) (quoting Pub. L. No. 102-243, § 2, 105 Stat. 2394).  Consistent with this framework, this Court held in *Moody v. Ascenda USA Inc.* that the violation of a consumer's privacy rights under Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, is "a concrete and particularized injury" sufficient to satisfy the strictures of Article III.  No. 16-cv-60364-WPD, 2016 U.S. Dist. LEXIS 140712, at *14 (S.D. Fla. Oct. 5, 2016) (Dimitrouleas, J.).

Not surprisingly, every court to have analyzed the issue has held that a plaintiff whose substantive privacy rights under the Wiretap Act and/or similar privacy statutes are violated need not show any harm beyond a violation of the statute. *See, e.g., Davis v. Facebook, Inc. (In re Facebook Inc. Internet Tracking Litig.)*, 956 F.3d 589, 598 (9th Cir. 2020) (standing for claims under the California Invasion of Privacy Act, the Wiretap Act, and the Stored Communications Act because "the legislative

4

history and statutory text demonstrate that Congress and the California legislature intended to protect these historical privacy rights…Thus, these statutory provisions codify a substantive right to privacy, the violation of which gives rise to a concrete injury sufficient to confer standing."); *In re Google Inc. Gmail Litig.*, 2013 U.S. Dist. LEXIS 172784, 2013 WL 5423918, at *17 (N.D. Cal. Sept. 26, 2013)("[T]he allegation of a violation of CIPA, like an allegation of the violation of the Wiretap Act, is sufficient to confer standing without any independent allegation of injury.");  *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1055 (N.D. Cal. 2012) ("[A] violation of the Wiretap Act . . . may serve as a concrete injury for the purposes of Article III injury analysis.");  *In re Google Inc. Privacy Litig.*, 2013 U.S. Dist. LEXIS 171124, 2013 WL 6248499, at *9 (N.D. Cal. Dec. 3, 2013) ("Courts have recognized that . . . alleged violations of the Wiretap Act or the Stored Communications Act are sufficient to establish Article III injury. These statutes grant persons in Plaintiffs' position a right to relief and thus Plaintiffs have standing for these claims." (footnote omitted)); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 712 (N.D. Cal. 2011) (finding that where the plaintiffs alleged that their communications had been intercepted in violation of the Wiretap Act, plaintiffs "alleged facts sufficient to establish that they have suffered the injury required for standing under Article III").

In fact, as the Third Circuit has noted, "[i]n an era when millions of Americans conduct their affairs increasingly through electronic devices, the assertion . . . that federal courts are powerless to provide a remedy when an internet company surreptitiously collects private data . . . is untenable. Nothing in *Spokeo* or any other Supreme Court decision suggests otherwise." *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316, 325 (3rd Cir. 2019).  In sum, Plaintiff and the Class members have substantive privacy rights under the FSCA that were violated by Defendant.  Under the Article III analytical framework established by the Eleventh Circuit, Plaintiff and the Class members need not allege any injury beyond the violation of their substantive privacy rights under the FSCA,

which they have done.  As discussed below, Plaintiff submits that the holding and analysis of *Salcedo* are inapposite and do not change the analysis or outcome.

### B. The Holding and Reasoning of <u>Salcedo</u> do not Apply to the Claims in This Case.

As discussed above, the Eleventh Circuit held in *Cordoba* that the receipt of an unsolicited telephone call alone is sufficient to satisfy standing. 942 F.3d at 1269-70.  In *Salcedo*, the Eleventh Circuit held that the receipt of a <u>text message</u> alone was insufficient for standing.  936 F.3d 1162.  The difference between the two holdings came down to one thing: "We first note what Congress has said in the TCPA's provisions and findings about harms from telemarketing via text message generally: nothing. The TCPA is completely silent on the subject of unsolicited text messages." *Salcedo*, 936 F.3d at 1168-69.  The Eleventh Circuit considered this silence important because "*Spokeo* instructs us to consider the judgment of Congress about the alleged harm[.]" *Id.* at 1170.

In enacting the FSCA, the Florida legislature was decidedly *not* silent on the issue of electronic communications.  The Florida legislature spoke directly on the issue both through legislative comments and in the plain language of the statute, which was broadly worded to cover all types of computer-to-computer electronic communications like the ones alleged in the operative First Amended Complaint.  Thus, Plaintiff respectfully submits that this Court should not apply *Salcedo*, and should instead approach the Article III inquiry under the framework of *Muransky*, *Cordoba*, *Perry*, and *Pedro,* and ultimately find that Plaintiff and the Class members need not show an injury beyond the one that was identified by the Florida legislature in enacting the statute.

Dated: April 20, 2021

Respectfully Submitted,

By:   **HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
mhiraldo@hiraldolaw.com
Telephone: 954-400-4713

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
(t) (305) 479-2299
(f) (786) 623-0915

**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.
Florida Bar No. 100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-975-3320

*Counsel for Plaintiff and Proposed Class*